Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY COUNTY, MISSOURI

| | |
|---|---|
| BENJAMIN CLARRIDGE<br>Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| CACH, LLC | )<br>) Cause Number: |
| Serve at:<br>CT Corporation System<br>208 So. LawSalle St. Ste 814<br>Chicago, IL 60604 | )<br>) Division:<br>)<br>)<br>) |
| and | )<br>) |
| JOHN C. BONEWICZ, PC | )<br>) |
| Serve at:<br>350 N Orleans St<br>Chicago, IL 60654 | ) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |
| and | )<br>) |
| JOHN C. BONEWICZ | )<br>) |
| Serve at:<br>350 N Orleans St<br>Chicago, IL 60654<br>    Defendants | )<br>)<br>)<br>) |

## PETITION

COMES NOW Plaintiff, by and through counsel, and for his petition against Defendant, states to the Court as follows:

### Introduction

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, *15 U.S.C. §1692. et seq.* ("FDCPA")

that prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote consistent state action to protect consumers against debt collection abuses."

## Parties

2. Plaintiff is a "consumer" as that term is defined by *15 U.S.C. §1692a(3)*.

3. Plaintiff is a natural person allegedly obligated to pay a debt to Defendant.

4. The obligation that Defendant alleges Plaintiff is obligated to pay is a "debt" as that term is defined by *15 U.S.C. §1692a(5)*.

5. Defendant is a "debt collector" as that term is defined by *15 U.S.C. §1692a(6)*.

## FACUTAL ALLEGATIONS

### Defendant's Pattern and Practices

6. Plaintiff alleges the following paragraphs 7 though 43, on information and belief.

7. Defendant purchases old, defaulted debt in batches of one thousand (or more) accounts at a time, for which it pays pennies (or less) on the dollar.

8. Defendant then files lawsuits against individuals allegedly indebted on an account to a creditor which account Defendant claims to have purchased directly or indirectly from the creditor.

9. Defendant does not obtain from the original creditor, or from an assignee of the original creditor admissible evidence demonstrating the amount of the debt allegedly owed by the debtor

Electronically Filed - St. Louis County - January 13, 2015 - 04:10 PM

10. Similarly, Defendant does not and is incapable of obtaining admissible evidence of the original agreement (including the interest rate) or admissible evidence of the chain of ownership of the debts. This is common practice in the industry because of the time and cost of obtaining such documentation.

11. Moreover, Defendant regularly fails to undertake a reasonable investigation into whether a debtor's alleged debt is barred by the Statute of Limitations.

12. Moreover, Defendant regularly fails to undertake a reasonable investigation into whether they are capable of obtaining sufficient documentary evidence to prove their claim.

13. Moreover, Defendant did not at the time of filing this suit have in its possession and/or control sufficient documentary evidence to prove their claim.

14. The default rate on lawsuits brought by Defendant is extremely high; once a default judgment is entered, the debtor's chances of overturning it are virtually limited to those situations where service of process was improper.

15. Thus, in the vast majority of cases, Defendant can proceed to post-judgment collection regardless of whether it could have proved its case in disputed litigation.

16. Defendant thus institute debt-collection suits such as that against Plaintiff in the hopes that the matter will go by default to Defendant. Defendant therefore counts on obtaining a default judgment in such cases with "evidence" that they know would not survive opposition scrutiny at trial. Defendant is unwilling and incapable of obtaining appropriate evidence to prevail at trial.

17. Defendant's primary purpose in filing actions against debtors is to obtain default judgments; Defendant regularly dismisses actions filed against debtors if the debtor

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

contests the lawsuit because of a) Defendant's lack of and inability to obtain admissible evidence and b) Defendant's wish to avoid liability for Plaintiff's attorney's fees.

18. Defendant attached an affidavit to a petition in case 13SL-AC41116 which stated, among other things, that CACH, LLC's representative had reviewed the books and records of CACH, LLC and had determined that Plaintiff had defaulted on a consumer loan. (See Attached Affidavit of CACH, LLC)

19. In case 13SL-AC41116 Plaintiff was forced to hire an attorney to defend himself from this claim.

20. Plaintiff asked CACH, LLC to supply copies of various documents including the documents referenced in the affidavit. This request was made on January 15, 2014 via requests for interrogatories and production of documents. (See Attached Request for Production of Documents)

21. CACH, LLC failed to answer the requests.

22. Plaintiff attempted to resolve the dispute by sending a letter to CACH, LLC's attorney on July 9, 2014. (See Attached Letter Dated July 9, 2014)

23. Again CACH, LLC failed to respond.

24. Plaintiff then on July 11, 2014 filed a motion to compel and a motion for sanctions seeking a court order to make CACH, LLC produce the documents referenced in the affidavit. (See Attached Motions)

25. A hearing was schedule for July 16, 2014. (See Attached Notice of Hearing)

26. On July 15, 2014 CACH, LLC dismissed case 13SL-AC41116 without prejudice. (See Attached Dismissal)

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

## Defendant Violated 15 U.S.C. §1692e By Using False, Deceptive, And Misleading Means To Attempt To Collect A Debt

27. Defendant acting as a successor party in interest sought to collect on a Debt allegedly owed by Plaintiff on a credit card account.

28. Defendant tried to collect from Plaintiff by causing its attorney to file an action against Plaintiff.

29. Defendant chooses not to obtain the documentation needed to investigate, and prove if possible, its debt-collection claims such as that against Plaintiff. Defendant are unwilling to incur the expense of doing so; in many cases such documentation is simply not available to the Defendant.

30. Defendant knew that the alleged evidence they possess, and are willing or able to obtain during the course of litigation is, and will be sufficient as a matter of law to prove a case at time of trial.

31. Defendant provided an affidavit as part of the filing in case 13SL-AC41116 which was misleading and deceptive.

32. In so acting, Defendant engaged in deceptive behavior by intending to convince Plaintiff that Defendant would prevail in the action.

## Defendant Violated 15 U.S.C. §1692e(2)(A) By Falsely Representing The Character, Of The Alleged Debt

33. Defendant represented to Plaintiff that he owed the sum as alleged and set forth in its lawsuit herein (hereinafter "the sum") together with interest on the sum.

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

34. The original creditor charged-off a total balance, inclusive of principal, interest and fees, in an amount equal to or less than the sum.

35. The sum is therefore composed of principal in an amount lower than the sum plus interest and fees.

36. By representing to Plaintiff that Defendant is entitled to interest on the sum, Defendant is treating the sum as principal.

37. Defendant is misrepresenting the character of the alleged debt by doing so.

## Defendant Violated 15 U.S.C. §1692e(2)(A) By Falsely Representing The Amount Of The Alleged Debt

38. Plaintiff expressly denies that Defendant is a valid assignee of this account, but assuming arguendo, Defendant were found to be a valid assignee, it would step into the original creditor's shoes for all assigned purposes, other than statutory rights conferred by virtue of statutory class membership.

39. RSMo §408.020 provides that "creditors shall be allowed to receive interest at the rate of nine percent per annum...on accounts after they become due and demand for payment is made.

40. Plaintiff expressly denies that Defendant is a valid assignee of this account, but assuming arguendo, Defendant were found to be a valid assignee, then under RSMo §408.020 Defendant would only be entitled to collect the amount of outstanding principal on the account plus statutory interest of 9% on that principal amount from the date demand for payment was made.

41. The actual amount of outstanding principal on the account is substantially lower than the sum and may actually be less than 0.00.

42. Additionally, the sum includes interest above the allowable statutory rate of 9%.

43. Additionally, Defendant seeks interest from before the date of demand, in violation of §408.020 RSMo.

44. Defendant made misrepresentations as to the amount of the alleged debt by stating that the amount of the sum plus interest is due on the account when the actual amount is less.

## Defendant Violated 15 U.S.C. §1692e(2)(A) By Falsely Representing The Legal Status Of The Alleged Debt

45. Defendant represented to Plaintiff that it has the legal right to collect on the alleged debt.

46. No valid assignment of the account to Defendant exists.

47. The last transaction on the account was more than five (5) years prior to the date Defendant filed its suit.

48. An action on this account is barred by the 5 years statute of limitations in Missouri.

49. Defendant has made misrepresentations as to the legal status of the alleged debt by representing one of more of the following:

    a. That there is a written contract providing for the collection of the sum plus interest and/or

    b. That the sum plus interest is recoverable without a written contract when a substantial portion of such amount includes interest above the statutory rate and/or

    c. That Defendant has been legally assigned this account and/or

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

d. That the account is collectable after the statute of limitations has run.

## Defendant Violated 15 U.S.C. §1692f(1) By Attempting To Collect Amounts Not Permitted By Law

50. There exists no contract in writing for the payment of interest upon interest on this account.

51. As the sum is composed in whole or part of interest and fees, and Defendant attempted to collect interest on the sum, Defendant attempted to collect interest on interest absent a written contract in violations of RSMo §408.080 thereby attempting to collect illegal amounts.

## Defendant Violated 15 U.S.C. §1692f By Using Unfair Or Unconscionable Means To Attempt To Collect A Debt

52. By acting in the numerous ways set out hereinabove and below, Defendant consequently engaged in unfair or unconscionable means of collecting a debt.

## Defendant Violated 15 U.S.C. §1692f By Engaging In Conduct The Natural Consequence Of Which Was To Harass, Oppress, And Abuse Plaintiff

53. Defendant harasses, oppressed and abused Plaintiff by attempting to collect on the alleged debt in the manner described above.

54. The acts complained of above are part of a pattern and practice of harassment by Defendant.

## Defendant Violated 15 U.S.C. §1692e, §1692e(2). §1692e(10), And/Or 15 U.S.C. §1692f Without The Means Of Ever Being Capable Of Proving Their Case At Trial

55. Plaintiff filed this lawsuit without the means of ever being able to obtain sufficient proof of the debt-collection action and therefore incapable of proving their case at trial.

56. Plaintiff therefore made false, deceptive, or misleading representation or means in connection with the collection of the debt, and/or falsely represented the character, amount, or legal status of any debt and/or used unfair and unconscionable means to attempt to collect a debt. Evidence that plaintiff is willing or able to obtain during the course of litigation is and will be insufficient as a matter of law to prove their case at trial. (inter alia *Mello v. Great Seneca Financial Corp..*, 526 F. Supp. 2d 1020 (C.D. Cal. 2007), *Harvey v. Great Seneca Financial Corp..*, 453 F.3d 324 (6th Cir., 2006).

57. The plaintiff engaged in a pattern and practice of filing debt collection suits without ever obtaining, or intending to obtain, admissible evidence of the existence or amount of such debts and their actions followed a pattern and practice of filing lawsuits without intention or ability to obtain evidence of alleged debts. All in violation of 15 U.S.C. §1692e, §1692e(2). §1692e(10), and/or 15 U.S.C. §1692f.

## Defendant Violated 15 U.S.C. §1692f By Filing This Suit Without Sufficient Evidence

58. Plaintiff filed this lawsuit without having on hand at the time of filing the means to prove this suit.

59. Plaintiff therefore made false, deceptive, or misleading representation or means in connection with the collection of the debt, and/or falsely represented the character, amount, or legal status of any debt, and/or used unfair or unconscionable means to attempt to collect a debt. (inter alia *In re Maxwell v. Fairbanks Capital Corporation*, United States Bankruptcy Court, Massachusetts 281 B.R. 101; 2002 Bankr. LEXIS)

60. The Plaintiff engaged in a pattern and practice of filing debt collection suits without ever obtaining, or intending to obtain, admissible evidence of the existence or amount of such debts and their actions followed a pattern and practice of filing lawsuits without intention of ability to obtain evidence of alleged debts. All in violation of 15 U.S.C. §1692f.

## CLAIM FOR RELIEF

61. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following actions taken against Plaintiff:

   a. Defendant violated *15 U.S.C. §1692d* by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff;

   b. Defendant violated *15 U.S.C. §1692e* by using false, deceptive, and misleading means to attempt to collect a debt;

   c. Defendant violated *15 U.S.C. §1692e(2)(A)* by falsely representing the character, of the alleged debt;

   d. Defendant violated *15 U.S.C. §1692e(2)(A)* by falsely representing the amount of the alleged debt;

   e. Defendant violated *15 U.S.C. §1692e(2)(A)* by falsely representing the legal status of the alleged debt;

   f. Defendant violated *15 U.S.C. §1692e(10)* by the various misrepresentations set forth above;

   g. Defendant violated *15 U.S.C. §1692f* by using unfair or unconscionable means to attempt to collect a debt;

h. Defendant violated *15 U.S.C. §1692f (1)* by attempting to collect amounts not permitted by law.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment against Defendant for actual damages, statutory damages in the amount of one-thousand dollars ($1,000.00) for violations of the Fair Debt Collection Practices Act, costs of the action, reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k* and any and all such additional and further relief as this Court deems just or proper in the circumstances.

Respectfully submitted,

Kristoffer M. Boevingloh #56734
George A. Pfikos #54726
Attorneys for Defendant
225 S Meramec Ave Ste 301
Clayton, MO 63105
(314) 989-1492 | (314) 269-1042 Fax
kris@boevingloh.com

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
ASSOCIATE DIVISION

2013 DEC 30

CACH, LLC
PLAINTIFF,

v.

CASE NO. 13SL-AC41116

DIVISION NO. 41W

BEN CLARRIDGE
SERVE AT:
2400 BELLEVUE AVE
SAINT LOUIS, MO 63143

PETITION
COUNT I- BREACH OF CONTRACT

COMES NOW, Plaintiff, CACH, LLC, and for its cause of action against Defendant(s), states as follows:

1. Plaintiff is a Limited Liability Company duly organized under and by virtue of laws of the State of Colorado.
2. Plaintiff is the holder of a valid assignment of an account which originated with HSBC Consumer Lending USA Inc. with an account ending in xxxxxxxxxx5790.
3. Defendant(s) is/are resident(s) of St. Louis County, Missouri.
4. HSBC Consumer Lending USA Inc. and Defendant(s) entered into a contract, whereby HSBC Consumer Lending USA Inc. extended credit pursuant to the terms and conditions of a credit agreement (hereinafter referred to as "Agreement") and Defendant(s), in exchange for the use of the credit extended, agreed to pay HSBC Consumer Lending USA Inc. for all amounts due resulting from the authorized use pursuant to the Agreement, including any finance charges and any other charges due under the terms of the Agreement.
5. HSBC Consumer Lending USA Inc. fully abided by the terms and conditions as set forth in said Agreement.
6. Defendant(s) has/have not made all payments to HSBC Consumer Lending USA Inc. pursuant to the Agreement.
7. HSBC Consumer Lending USA Inc. sent monthly statements to the Defendant(s).
8. Defendant(s) breached the Agreement by failing to pay the amount owed.
9. As a direct and proximate result of the Defendant's breach of the Agreement, HSBC Consumer Lending USA Inc. has sustained damages in the sum of $7,560.07.
10. HSBC Consumer Lending USA Inc. has fully performed, pursuant to the terms of the Agreement or its performance has been excused due to Defendant's breach.
11. HSBC Consumer Lending USA Inc., and subsequently, Plaintiff, have made demand for payment of the outstanding sum of $7,560.07, plus interest in the amount of $2,462.23, but Defendant(s) has/have failed and refused to pay.

WHEREFORE, Plaintiff prays for judgment in Count I against the Defendant(s), in the amount of $10,022.30 plus interest and for all costs expended herein and for any other and further relief the Court deems just and proper.

This communication is from a debt collector and is an attempt to collect a debt.



## COUNT II- ACCOUNT STATED

COMES NOW, Plaintiff, and for its alternative cause of action against Defendant(s), states as follows:

1. Plaintiff restates and re-alleges each and every paragraph of Counts I and II as if fully set forth herein.
2. Defendant(s) and HSBC Consumer Lending USA Inc. had previous financial transactions related to the Agreement issued to Defendant(s) by HSBC Consumer Lending USA Inc., at Defendant's insistence and request.
3. Pursuant to said transactions, HSBC Consumer Lending USA Inc. sent Defendant(s) statements of account, to which Defendant(s) did not object.
4. Pursuant to the terms and conditions sent to Defendant(s) in the Agreement, and governing its use, the Defendant(s) made an unconditional promise to pay the amount due with the use of said card.
5. The balance agreed to by the parties is $7,560.07, plus interest in the amount of $2,462.23.
6. The Defendant(s) has/have failed to keep his/her/their promise to pay said balance, despite demand for same having been made.
7. Plaintiff is the assignee of HSBC Consumer Lending USA Inc. to be repaid by Defendant(s) on the account, and it is entitled to recover from Defendant(s) the sum of $7,560.07, that being the balance due through February 07, 2011.

WHEREFORE, Plaintiff, CACH LLC prays for judgment in Count II against the Defendant(s) in a sum of $10,022.30, together with interest as provided by law, all costs expended herein and for any other and further relief this court deems just and proper.

JOHN C. BONEWICZ, P.C.

BY: _____

John Elvert, MBE 52489
Attorneys for Plaintiff
350 N. Orleans St. Suite 300
Chicago, IL 60654
Phone: 866-427-4027
Fax: 312-464-0207
Email: Missouri@jbonewiczlaw.com

This communication is from a debt collector and is an attempt to collect a debt.

Electronically Filed - St. Louis County - January 13, 2015 - 04:10 PM

AFFIDAVIT OF CLAIM

STATE OF COLORADO )
):ss.
COUNTY OF DENVER )

I, _____PETER HUBER_____, being first duly sworn on oath or upon affirmation, depose and state that I am the authorized agent and a custodian of record of CACH, LLC the Plaintiff in the case captioned CACH, LLC v. Ben Clarridge in the Circuit Court of St. Louis County, Missouri, that I am of legal age with full authority to make the statements contained herein, that I declare under penalty of perjury under the laws of the State of Colorado that the following is true and correct, and if called as a witness I could competently testify to the matters stated herein as follows:

1.  I have reviewed the books and records of Plaintiff and am familiar with the account of Ben Clarridge (the "Defendant"). Plaintiff's books and records contain account records and information of the account referenced below provided to Plaintiff by the Original Creditor referenced below or its assignee. The records are kept in the ordinary course of a regularly conducted business activity and are made either by a person having personal knowledge of the information contained therein or based on information conveyed by a person having personal knowledge of the information contained therein, and I know from my experience in reviewing such records and from common knowledge of how Consumer Loans work that those records are made and maintained by individuals who have a business duty to make entries in the records accurately at or near the time of the event that they record.

2.  The records consist of both hard copy information and electronic information that is generated, stored and maintained in accordance with generally accepted standards in the retail and financial industries by individuals that possess the knowledge and training necessary to ensure the accuracy and reliability of the records.

3.  The business records furnished to Plaintiff show that Defendant opened a Consumer Loan account with HSBC Consumer Lending USA Inc. ("Original Creditor") bearing account number xxxxxxxxxx5790 (the "Account").

4.  The Exhibits attached to the Complaint and/or this Affidavit are true and accurate copies, which were kept in the ordinary course of business and reflect Defendant's obligation to pay the Account.



Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

5.    The Defendant defaulted in his/her payments to the Original Creditor.

6.    For good and valuable consideration, Plaintiff purchased the Account from the Original Creditor or its assignee and Plaintiff is the current creditor of the Account.

7.    All credits and payments have been properly applied, Defendant is not entitled to any additional credits or offsets on the account of any kind, and the balance as set forth herein is currently due and owing.

8.    As of December 03, 2013 there is due and payable from the Defendant the sum of $7,560.07 plus accrued interest of $2,462.23 calculated at the contract rate of 18.99% per annum from April 25, 2011 through January 18, 2013 for a total balance due Plaintiff of $10,022.30.

9.    To the best of Affiant's knowledge and based upon information provided by the Original Creditor and a search of the data banks of the Department of Defense Manpower Data Center said Defendant is not in the active military service of the United States.

**Further Affiant sayeth not.**

Dated this ____ ,day of DEC 0 5 2013 2013.

CACH, LLC

By: _____

Print Name: _____ PETER HUBER _____

Title: Authorized Agent and Custodian of Records          DEC 0 5 2013

Subscribed and sworn to before me on this ____ day of _____, 2013.

_____

Notary Public

My commission expires: _____

120005658207

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY COUNTY, MISSOURI

CACH LLC                  )
    Plaintiff          )   Cause Number: 13SL-AC41116
v.                       )
                        )   Division: 41
Benjamin Clarridge    )
    Defendant.     )

## CERTIFICATE OF SERVICE

The undersigned certifies that, on this January 14, 2014, one true copy of this Certificate of Service and the following documents have been served on plaintiff by U.S. Mail, first class postage prepaid, addressed to: John Elvert, John C. Bonewicz, P.C., 350 N. Orleans St., Suite 300, Chicago, IL 60654 and electronically mailed as an attachment in Microsoft Office Word for Windows 2011 format to: Missouri@jbonewiczlaw.com.

- Defendant's First Request for Production of Documents Directed to Plaintiff

- Defendant's First Set of Interrogatories Directed to Plaintiff

Respectfully submitted,

Kristofer M. Boevingloh #56734
George A. Pliakos #54726
Attorneys for Defendant
225 S Meramec Ave Ste 301
Clayton, MO 63105
(314) 989-1492 | (314) 269-1042 Fax
kris@boevingloh.com

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY COUNTY, MISSOURI

| | | |
|---|---|---|
| CACH LLC | ) | |
| Plaintiff | ) | Cause Number: 13SL-AC41116 |
| v. | ) | |
| | ) | Division: 41 |
| Benjamin Clarridge | ) | |
| Defendant. | ) | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS DIRECTED TO PLAINTIFF

COMES NOW Defendant, by and through his/her attorneys, pursuant to Civil

Rule 58.01, and requests plaintiff to produce the following documents for inspection and

copying at the law offices of Defendant's attorney, Kristoffer M. Boevingloh, 225 S

Meramec Ave Ste 301, Clayton, MO 63105, within the time prescribed by said rule.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are to be used in responding to the
following Requests for Production.

1.  "Person" means any natural person, corporation, partnership, limited
liability company and all other forms of legal entities, and the officers, directors,
employees, agents, partners and personal representatives thereof.

2.  The terms "you", "your", or "plaintiff" means CACH LLC, and any
employee, agent, manager, officer, owner, member, independent contractor, assign or
other person working for, hired by or acting on behalf of plaintiff.

3.  As used herein, the term "Defendant" means Benjamin Clarridge,
individually.

4.  As used herein, the term "document" shall mean the original, and if not
available, any copy of the original, of writings of any written, printed, typed recorded,
drawn, photographed, or graphic material, including computer or data processing machine
printouts, however produced or reproduced, and other data compilations from which
information can be obtained or translated through detection devices into reasonably usable
form, and copies of documents which are not identical duplicates of the original.

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

5.     "Relates to" or "relating to" means involving, embodying, mentioning, or concerning directly or indirectly, the subject matter identified.

6.     "Concerning" means, in whole or part, directly or indirectly, referring to, relating to, concerned with, responding to, showing, describing, analyzing, reflecting or constituting.

7.     "And", "or" and "and/or" and any other conjunctions or disjunctions used herein shall be read both conjunctively or disjunctively so as to require the production of all documents (as defined above) responsive to all or any part of each particular request for production or subpart thereto in which any conjunction or disjunction appears.

8.     Any information responsive to these requests for production which, nonetheless, is not provided by reason of a claim of privilege or work product, or for any other reason, shall be identified by: 1) general subject matter; 2) identity of person(s) to whom the information, or any portion thereof, has already been revealed; 3) source of the information; 4) method of communication to plaintiff or manner in which plaintiff first acquired knowledge of the information at issue; and 5) the basis upon which the information is being withheld.

## REQUESTS FOR PRODUCTION

Request for Production No. 1:  Please produce a copy of the initial account agreement.

**RESPONSE:**


Request for Production No. 2:  Please produce a copy of every amendment to the account

agreement.

**RESPONSE:**


Request for Production No. 3:  Please produce a copy of every notice of a change in any

term of the account agreement, including but not limited to a change in the rate of interest

or fees applicable to the account.

**RESPONSE:**

Request for Production No. 4: Please produce a copy of every schedule of interest rates or fees applicable to the account.

RESPONSE:

Request for Production No. 5: For each account agreement, amendment to an agreement or notice of change to the terms of the account you have produced that you contend applies to the account and that does not contain some piece of the Defendant's identifying information, such as the such as Defendant's name, social security number, account number, or signature, please produce every document containing information from which it may be determined whether the document applies to the account.

RESPONSE:

Request for Production No. 6: For every account transaction, including but not limited to purchases, cash advances, fees, interest charges, payments, credits and adjustments from the inception of the account to the present date, please produce documents evidencing the date of the transaction, the amount of the transaction, and the description of the transaction that appeared on the account statement.

RESPONSE:

Request for Production No. 7: Please produce every statement of payments, charges, fees or interest for the account that was delivered to the Defendant.

RESPONSE:

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

Request for Production No. 8: Please produce a complete copy of the agreements that constitute the chain of title for the account or any rights in the account starting with the agreement between the originator of the account and its assignee and including each agreement between an assignee of the account and another assignee of the account and/or you. This is a request for the entire agreement, not just a bill of sale or exhibit to an agreement, and includes master agreements whose terms relate in any way to or are incorporated by an agreement or bill of sale transferring rights of the account. In order to protect the privacy of other persons whose accounts may be included in such agreements, you may redact or otherwise omit information identifying any person other than the Defendant.

RESPONSE:


Request for Production No. 9: Please produce all documents claimed to support your contention that you are the assignee and current owner of the account, including, but not limited to bills of sale and loan/account schedules.

RESPONSE:


Request for Production No. 10: Please provide any application(s) for credit applicable to the account at issue.

RESPONSE:

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

Request for Production No. 11: A copy of all written correspondence or notes of oral communication between Defendant and you, your attorneys, or any person or entity acting on your behalf, concerning the account, including but not limited to copies of any and all demands for payment sent to Defendant.

RESPONSE:

Request for Production No. 12: Please produce copies of all documents which you identified in your answer(s) to Defendant's First Set of Interrogatories not already produced in response to the above requests for production.

RESPONSE:

Respectfully submitted,

Kristoffer M. Boevingloh #56734
George A. Pliakos #54726
Attorneys for Defendant
225 S Meramec Ave Ste 301
Clayton, MO 63121
(314) 989-1492 | (314) 269-1042 Fax
kris@boevingloh.com

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY COUNTY, MISSOURI

CACH LLC                         )
    Plaintiff                  )   Cause Number: 13SL-AC41116
v.                             )
                              )   Division: 41
Benjamin Clarridge         )
    Defendant.           )

## DEFENDANT'S FIRST SET OF INTERROGATORIES
## DIRECTED TO PLAINTIFF

COMES NOW Defendant, by and through his/her attorneys, pursuant to Civil

Rule 57.01, and requests plaintiff to answer the following Interrogatories, fully and

completely in writing and under oath, within the time prescribed by said rule.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are to be used in responding to the
following Interrogatories.

1.    "Person" means any natural person, corporation, partnership, limited
liability company and all other forms of legal entities, and the officers, directors,
employees, agents, partners and personal representatives thereof.

2.    The terms "you", "your", or "plaintiff" means CACH LLC, and any
employee, agent, manager, officer, owner, member, independent contractor, assign or
other person working for, hired by or acting on behalf of plaintiff.

3.    As used herein, the term "Defendant" means Benjamin Clarridge,
individually.

4.    "Relates to" or "relating to" means involving, embodying, mentioning, or
concerning directly or indirectly, the subject matter identified.

5.    "Concerning" means, in whole or part, directly or indirectly, referring to,
relating to, concerned with, responding to, showing, describing, analyzing, reflecting or
constituting.

6.    "And", "or" and "and/or" and any other conjunctions or disjunctions used
herein shall be read both conjunctively or disjunctively so as to require the production of

all documents (as defined above) responsive to all or any part of each particular request for production or subpart thereto in which any conjunction or disjunction appears.

7. "Communication" means any oral and written exchange of words, thoughts, or ideas to another person(s) whether person-to-person, in a group, by telephone, by letter, by telex, or by any other process, electric, electronic, or otherwise.

8. As used herein, the term "document" shall mean the original, and if not available, any copy of the original, of writings of any written, printed, typed recorded, drawn, photographed, or graphic material, including computer or data processing machine printouts, however produced or reproduced, and other data compilations from which information can be obtained or translated through detection devices into reasonably usable form, and copies of documents which are not identical duplicates of the original.

9. "Identify," "Identification" or "Identity" means:

(a) In the case of a person who is an individual: (i) his or her complete name; (ii) his or her present home and business addresses; (iii) his or her present employer and position; and (iv) occupation and business position held during the period to which the interrogatory refers. If the present address or employer of any such person is not known, please so indicate and state his or her last known employer.

(b) In the case of an organization: (i) its full name; (ii) the address of its principal place of business or management; (iii) the name of its chief executive officer; and (iv) the identity of all persons within the organization having knowledge of the facts asserted in response to the interrogatory or request for production.

(c) In the case of a document: (i) the type of document (e.g., memorandum, e-mail, letter, note, report, record, collation, ledger, photograph, tape); (ii) the date on which the document was created; (iii) the date which appears on the document; (iv) the person who prepared it; (v) the person for whom it was prepared; (vi) all persons who received copies of it; (vii) its present location and custodian; (viii) its title or subject matter in brief. If the present location and custodian of any document is not known, please so indicate and state the last known location and custodian of such document.

(d) In the case of an act or event: (i) its date of occurrence; (ii) the place of occurrence; (iii) the identity of each person present and the name of the person or organization for whom such person acted or with whom such person was associated at the time of the occurrence; (iv) what was said and done by each person in connection with the occurrence; and (v) the identity of all other persons to whom such person represented or with whom such person was associated.

(e) In the case of an oral statement or communication; (i) the name of each person who participated in the communication and the name of each such person who was

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

present at the time it was made; (ii) the date when such communication was made; (iii) the place where such communication was made, including the places from which and to which such communication was transmitted; (iv) what each person said, or if not known, the substance of such person's statement; and (v) the identity of each document pertaining to such oral communication.

10. Any information responsive to these interrogatories which, nonetheless, is not provided by reason of a claim of privilege or work product, or for any other reason, shall be identified by: 1) general subject matter; 2) identity of person(s) to whom the information, or any portion thereof, has already been revealed; 3) source of the information; 4) method of communication to plaintiff or manner in which plaintiff first acquired knowledge of the information at issue; and 5) the basis upon which the information is being withheld.

11. With respect to any interrogatory requiring you to identify any document, you may, in lieu thereof, attach a copy of such document to your answer.

## INTERROGATORIES

Interrogatory No. 1: State the name, address, telephone number, and relationship to plaintiff of each person who prepared or assisted in the preparation of the responses to these Interrogatories.

RESPONSE:


Interrogatory No. 2: State the date that the debt that is the basis of this action was written off or charged off.

RESPONSE:


Interrogatory No. 3: State the date that the account sued upon was opened.

RESPONSE:

Interrogatory No. 4: For each account agreement, amendment to an agreement or notice of change to the terms of the account you have produced that you contend applies to the account and that does not contain some piece of the Defendant's identifying information, such as the Defendant's name, social security number, account number, or signature, explain how you know the document applies to the account.

RESPONSE:

Interrogatory No. 5: For each account agreement, amendment to an agreement or notice of change to the terms of the account you have produced that you contend applies to the account and that does not contain some piece of the Defendant's identifying information, such as the Defendant's name, social security number, account number, or signature, and that was created by by someone other than you, identify the source of the document by stating the date you obtained the document and identifying the person from whom you obtained the document.

RESPONSE:

Interrogatory No. 6: Explain how each document containing the terms of any agreement for the account was delivered to the Defendant, including but not limited to, the original account agreement, any amendment to the agreement, any schedule any notice of a change in a term of the agreement and any schedule of interest rates or fees applicable to the account. Include in your explanation the date the document was delivered and a description of the manner in which it was delivered, including, if the document was

delivered by the Postal Service or other courier, the location to which it was addressed and whether the document was returned undelivered.

RESPONSE:

Interrogatory No. 7: Regarding each transaction or charge on the account, including, but not limited to, charges for interest and fees, a) state all facts known to you that demonstrate that the transaction or charge was fair and reasonable; b) identify all documents that concern or relate to the reasonableness of the transaction or charge; and, c) identify all persons who have knowledge of the reasonableness of the transaction or charge.

RESPONSE:

Interrogatory No. 8: If you contend the Defendant acknowledged any amount alleged to be due in the account, describe the manner in which the Defendant made such acknowledgement, the amount acknowledged to be due, and the manner in which the acknowledgement was made.

RESPONSE:

Interrogatory No. 9: Describe any dispute relating to the account made by the Defendant or any other person allegedly obligated on the account at any time since the inception of the account. Include in your description the date the dispute was received, a summary of the dispute, and a summary of the outcome of the dispute.

RESPONSE:

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

Interrogatory No. 10: For each affidavit attached to your petition, identify the person submitting the same, to include without limitation their employer, position with that employer, the relationship of that employer to you, and the facts that establish that they had personal knowledge of the matters contained in the affidavit.

RESPONSE:


Interrogatory No.11: Identify any of your employee's or agents who received training as to the record keeping procedures and practices as to the institution which prepared the records relating to the account sued upon, please describe in detail the scope of such training, including but not limited to:

    a.    the identity of the person(s) who on your behalf received the training;
    b.    the location(s) where the training took place;
    c.    the date(s) when the training was conducted;
    d.    the total number of hours spent in training by each person;
    e.    the identities, positions and employers of the persons who conducted the training;
    f.    the identity of the institution which conducted the training;
    g.    the identity of the institution which prepared the records; and
    h.    please identify any and all policy and procedure manuals, credit card guidelines and other documents which you reviewed in connection with the training.

RESPONSE:


Interrogatory No. 12: Are you aware of any statement made by Defendant regarding the subject matter in the petition, whether oral, written, or recorded in any way, including but

not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof? If so, state the following:

(a)     Date, place, and time taken or overheard;

(b)     Name and address of the person or persons connected with taking Or hearing it;

(c)     Names and addresses of all persons present at the time it was taken or heard; and

(d)     Please attach an exact copy of the original of the statement, interview, report, film, or tape to your answer to these interrogatories; if oral, please state verbatim the contents thereof.

**RESPONSE:**


Interrogatory No. 13: Do you know of any person(s) having knowledge of the creation and maintenance of the business records related to the debt alleged. If so, please identify such person(s) and their employer.

**RESPONSE:**


Interrogatory No. 14: Identify each witness you intend to call to trial of this matter.

**RESPONSE:**


Interrogatory No. 15:

List and identify:

(a)     Each person Plaintiff expects to call as an expert witness (retained or non-retained) at the trial, state for each such expert:

(1)     Name;

(2)     Address;

(3)     Occupation;

(4)     Place of employment;

(5)     Qualifications to give an opinion (if such information is available on an expert's curriculum vitae, you may attach a copy thereof in lieu of answering this Interrogatory subpart.)

(b)     With respect to each expert listed, please state the subject matter on which the expert is expected to testify; and the expert's hourly deposition fee.

RESPONSE:


Interrogatory No. 16:  Identify all persons known to you to have knowledge of facts

pertaining to the allegations and claims in Plaintiff's Petition and state the nature and

extent of such individuals knowledge or information.

RESPONSE:


Respectfully submitted,

Kristoffer M. Boevingloh #56734
George A. Pliakos #54726
Attorneys for Defendant
225 S Meramec Ave Ste 301
Clayton, MO 63121
(314) 989-1492 | (314) 269-1042 Fax
kris@boevingloh.com

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

# BOEVINGLOH & PLIAKOS

### ATTORNEYS & COUNSELORS AT LAW

George A. Pliakos

| | |
|---|---|
| Direct | 314.669.2431 |
| Fax | 314.259.1042 |
| Email | george@boevingloh.com |

314.989.1492

An Association, Not a Partnership
Offices in Saint Louis and Saint Charles Counties
800.989.1492 | www.boevingloh.com

Parkway Tower
225 S Meramec Ave Ste 301
Clayton, MO 63105

July 8, 2014

John Elvert, esq.
John C. Bonewicz, P.C.
350 N. Orleans St., Suite 300
Chicago, IL 60654

Re: CACH LLC vs. Ben Clarridge, 13SL-AC41116

Dear Mr. Elvert:

Please accept this correspondence as a good-faith attempt to resolve a discovery dispute in the above-entitled case. On January 13, 2014, Defendant's First Request for Production of Documents and First Set of Interrogatories were served. The time for responding to this discovery has passed, and I have not received your client's answers and/or objections. Under the Missouri Rules of Civil Procedure, the response is past due.

It is preferable to resolve this issue without going into court. Please contact this office and provide the status of your client's response to Defendant's discovery, and I will try to work with you. Otherwise, if I do not hear from you, I will pursue the appropriate remedy under Rule 61.01.

I thank you in advance for your attention to this matter.

Yours truly,

George Pliakos

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY COUNTY, MISSOURI

CACH LLC )
    Plaintiff )  Cause Number: 13SL-AC41116
v. )
     )  Division: 41
Benjamin Clarridge )
    Defendant. )

## MOTION TO COMPEL DISCOVERY AND
## MOTION FOR SANCTIONS

COMES NOW Defendant, by and through undersigned counsel, and pursuant to Rules 57.01(e) and 58.01(e) respectfully moves this Court enter an Order compelling Plaintiff to respond to Defendant's Interrogatories and Requests for Production of Documents, or in the alternative, and pursuant to Rule 61.01(b) & (d), Defendant respectfully requests this Court sanction Plaintiff for its failure to comply with discovery by dismissing this action. In support of this Motion, Defendant states as follows:

1.    On for about April 1, 2014, Defendant submitted Interrogatories and Requests for Production of Documents to Plaintiff (a copy of the Certificate of Service is attached hereto and incorporated herein as Defendant's Exhibit A).

2.    Plaintiff has failed to answer the Interrogatories or respond to Requests for Production of Documents within thirty (30) days and has not objected to said discovery.

3.    A copy of defense counsel's attempt to resolve is attached hereto as Exhibit B.

WHEREFORE, Defendant requests this Court enter and Order dismissing the action, or in the alternative, enter an Order to compel Plaintiff to fully comply with the discovery requests described above within ten (10) days of the date of the Order or be sanctioned as above, and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

Kristoffer M. Boevingloh #56734
George A. Pliakos #54726
Attorneys for Defendant
225 S Meramec Ave Ste 301
Clayton, MO 63105
(314) 989-1492 | (314) 269-1042 Fax
kris@boevingloh.com

## CERTIFICATION OF ATTEMPT TO RESOLVE

Defendant's counsel certifies that a good faith effort has been made to discuss these issues with opposing counsel and to resolve this discovery dispute per local rules.

George Pliakos #54726

## CERTIFICATE OF SERVICE

On July 11, 2014, a copy of the foregoing pleading was sent via first-class mail, postage prepaid, addressed to: John Elvert, John C. Bonevicz, P.C. 1350 N. Orleans St., Suite 300, Chicago, IL 60654.

Kristoffer M. Boevingloh #56734

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY COUNTY, MISSOURI

CACH LLC )
   Plaintiff )   Cause Number: 13SL-AC41116
v. )
   )   Division: 41
Benjamin Clarridge )
   Defendant. )

## NOTICE OF HEARING OF MOTION TO SHORTEN TIME OF HEARING OF DEFENDANT'S MOTION TO COMPEL

COMES NOW, Attorney Kris Boevingloh, and notifies Plaintiff that he will call up

Defendant's Motion to Shorten Time of Hearing of Defendant's Motion to Compel for hearing

before the Court on July 16, 2014 at 9:30 a.m. or as soon thereafter as the Court may hear

counsel.

Respectfully submitted,

Kristoffer M. Boevingloh #56734
George A. Pliakos #54726
Attorneys for Defendant
225 S Meramec Ave Ste 301
Clayton, MO 63105
(314) 989-1492 | (314) 269-1042 Fax
kris@boevingloh.com

## CERTIFICATE OF SERVICE

On July 11, 2014, a copy of the foregoing pleading was sent via first-class mail, postage
prepaid, addressed to: John Elvert, John C. Bonewicz, P.C. 1350 N. Orleans St., Suite 300,
Chicago, IL 60654.

Kristoffer M. Boevingloh #56734

Electronically Filed - St Louis County - January 13, 2015 - 04:10 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
ASSOCIATE DIVISION

CACH, LLC
PLAINTIFF,

v.

BEN CLARRIDGE

DEFENDANT(S)

CASE NO. 13SL-AC41116

DIVISION NO. 41W

<u>Dismissal Without Prejudice</u>

Cause dismissed by Plaintiff, Without Prejudice. Court costs assessed to Plaintiff.

JOHN C. BONEWICZ, P.C.

*/s/ John Elvert*
John Elvert, MBE 52489
Attorneys for Plaintiff
350 N. Orleans St. Suite 300
Chicago, IL 60654
Phone: 866-427-4027
Fax: 312-464-0207
Email: Missouri@jbonewiczlaw.com

So Ordered:

_____     _____

Judge                                          Date

Certificate of service

The undersigned Certifies that a copy of this document was mailed postage prepaid/ faxed on the
_____ day of _____, 20__ to the following:

BEN CLARRIDGE

_____

